# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>CAFEPRESS INC., a Delaware corporation, PRIDEANDMORE, a person or business, TELLAPART, INC., a Delaware corporation,<br><br>          Defendants. | CASE NO. 3:14-cv-0792-GPC-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING CAFEPRESS INC.'S MOTION TO DISMISS;**<br><br>**[ECF No. 12]**<br><br>**(2) GRANTING TELLAPART, INC.'S MOTION TO DISMISS;**<br><br>**[ECF No. 18]**<br><br>**(3) VACATING HEARING DATE** |

## I. INTRODUCTION

Before the Court are Defendant CafePress Inc.'s ("CafePress") and Defendant TellApart, Inc.'s ("TellApart") (collectively, "Defendants") Motions to Dismiss. (ECF Nos. 12, 18.) Plaintiff Steven M. Gardner ("Plaintiff") opposes. (ECF No. 20.)

The parties have fully briefed the motion. (ECF Nos. 12, 18, 20, 22.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court GRANTS both motions to dismiss.

/ /

## II. PROCEDURAL HISTORY

On April 4, 2014, Plaintiff filed a complaint alleging copyright infringement and violations of 17 U.S.C. § 1202 by CafePress and one of its users. (ECF No. 1.) On September 8, 2014, Plaintiff filed a first amended complaint ("FAC") adding TellApart as a defendant. (ECF No. 6.)

On October 3, 2014, CafePress filed a motion to dismiss. (ECF No. 12.) On October 20, 2014, TellApart filed a motion to dismiss. (ECF No. 18.) On November 7, 2014, Plaintiff filed an opposition to Defendants' motions. (ECF No. 20.) On November 21, 2014, Defendants filed a reply to Plaintiff's opposition. (ECF No. 22.)

Plaintiff and CafePress are also engaged in another copyright dispute before this Court to which this case has been low-numbered, *Gardner v. CafePress* ("*Gardner I*"), No. 3:13-cv-1108-GPC-JLB. (*See* ECF No. 4.)

## III. FACTUAL BACKGROUND

Plaintiff alleges that he is copyright holder of U.S. Copyright VA-851-029 ("Harmony of Wolves"). (FAC ¶ 9.) Plaintiff alleges that CafePress user PrideAndMore infringed Plaintiff's copyright in "Harmony of Wolves." (*Id.* ¶¶ 9, 25.) Plaintiff alleges that CafePress infringed Plaintiff's copyright in "Harmony of Wolves." (*Id.* ¶ 26.) Plaintiff alleges that CafePress sent TellApart infringing copies of "Harmony of Wolves" and that TellApart advertised these images on the internet. (*Id.* ¶ 27.) Plaintiff alleges that "defendants intentionally removed or altered CMI, distributed CMI knowing that the CMI was removed or altered, distributed copies of images knowing that CMI has been removed or altered." (*Id.* ¶ 53.)

## IV. LEGAL STANDARD

**A. Judicial Notice**

Generally, on a motion to dismiss, courts limit review to the contents of the complaint and may only consider extrinsic evidence that is properly presented to the court as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (court may consider documents physically attached to the complaint or

documents necessarily relied on by the complaint if their authenticity is not contested). However, a court may take notice of undisputed "matters of public record" subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Id.* (citing FED. R. EVID. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b); *see also Lee*, 250 F.3d at 689.

**B. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## V. DISCUSSION

**A. Judicial Notice**

CafePress requests judicial notice of its Terms of Service and three documents from *Gardner I*: (1) the docket, (2) this Court's February 26, 2014 order in *Gardner I* (the "*Gardner I* Partial Summary Judgment Order"), and (3) this Court's September 25, 2014 order in *Gardner I* (the "*Gardner I* Amendment Order"). (ECF No. 12-2.) TellApart requests judicial notice of two documents from *Gardner I*: (1) the docket, and (2) the *Gardner I* Partial Summary Judgment Order. (ECF No 18-2.)

Defendants' requests for judicial notice of the court documents are properly noticeable. The docket and orders a federal trial court case are matters of public record and are capable of accurate and ready determination. Finding the court documents relevant, the Court takes judicial notice of all four documents. However, CafePress's request for judicial notice of its Terms of Service is not properly noticeable. Documents on CafePress's website are not public documents and thus can be changed at any moment by CafePress. Moreover, while CafePress argues that FAC ¶ 12 "explicitly references" the Terms of Service, the phrase "CafePress.com uses many start of the art technologies to produce the items we sell" does not appear in CafePress's terms of service. (*See* ECF No. 12-2, at 3; ECF No. 12-3, Ex. D.) Accordingly, the Court does not take judicial notice of CafePress's Terms of Service.

**B. Rule 4(m)**

If a defendant is not served within 120 days of the complaint being filed, Federal Rule of Civil Procedure 4(m) requires the Court to either dismiss without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause, the Court is required to extend the time allowed for service. *Id.* The parties dispute whether Plaintiff's counsel's error constitutes good cause. (*Compare* ECF No. 20, at 4–6 *with* ECF No. 22 at 3–4.)

While Defendants argue that this action should be dismissed, Rule 4(m) allows the Court to instead require that service be made within a specified time. *See* FED. R. CIV. P. 4(m). As Plaintiff has already served all defendants, (*see* ECF Nos. 8, 10, 11, 24), the Court finds that a Rule 4(m) dismissal would be inappropriate and the issue moot. Were the Court to dismiss pursuant to Rule 4(m), time and resources would be wasted while Plaintiff refiled the complaint and reserved the defendants because a Rule 4(m) dismissal would be without prejudice.

**C. 17 U.S.C. § 504(c)**

Defendants argue that Plaintiff's claim for statutory damages and attorney fees are barred by the *Gardner I* Partial Summary Judgment Order and the law of the case doctrine. (ECF No. 12, at 7–8.) In *Gardner I*, this Court ruled that Plaintiff could not recover statutory damages and attorney fees because he was unable to show that any. (*Gardner I*, No. 3:13-cv-1108, ECF No. 48, at 14–16.) The law of the case doctrine is a prudential doctrine that states that "when a court decides on a rule, it should ordinarily follow that rule during the pendency of the matter." *Mayweathers v. Terhune*, 136 F. Sup. 2d 1152, 1153–54 (E.D. Cal. 2001).

The main issue is whether CafePress's alleged infringement of "Harmony of Wolves" in response to a request from a second user constitutes a separate instance of infringement from CafePress's alleged infringement of "Harmony of Wolves" in response to a request from a first user. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008). While CafePress argues that the *Gardner I* Partial

Summary Judgment Order decides the issue, the Court disagrees. The *Gardner I* Partial Summary Judgment Order did not address a situation where multiple users had uploaded "Harmony of Wolves," rather it dealt with a situation where a single user uploaded "Harmony of Wolves" and then CafePress allegedly infringed "Harmony of Wolves" in response to that upload. (*See Gardner I*, No. 3:13-cv-1108-GPC-JLB, ECF No. 15-4 ¶ 33.) Accordingly, the Court finds that the *Gardner I* Partial Summary Judgment Order did not decide the issue of whether CafePress's alleged activity in response to multiple users constitutes a single act or multiple acts of infringement.

However, Plaintiff must plead facts showing that the alleged infringement commenced after his registration of "Harmony of Wolves" to plead a cause of action for statutory damages or attorney fees. *See* 17 U.S.C. § 412(2). Plaintiff's complaint is devoid of any factual allegations as to the timing of the alleged infringement in relation to his registration of "Harmony of Wolves." (*See* FAC.) Accordingly, Plaintiff's first cause of action as to attorney fees and statutory damages is DISMISSED WITH LEAVE TO AMEND.

**D. 17 U.S.C. § 1202**

Defendants argue that Plaintiff's § 1202 cause of action fails to plead sufficient facts. (ECF No. 12, at 8–9.) Defendants further argue three reasons why Plaintiff cannot maintain a § 1202 cause of action: (1) Plaintiff cannot show that CafePress knowingly removed or altered CMI, (2) Plaintiff cannot allege that CafePress removed or altered CMI in the form of Plaintiff's name or signature, and (3) Plaintiff cannot allege that CafePress provided false CMI. (*Id.* at 9 –12.) Plaintiff does not argue any reason why Defendants' motion to dismiss the § 1202 cause of action should be denied, and instead argues that Plaintiff "can allege a § 1202 claim." (ECF No. 20, at 12.)

§ 1202 creates liability for persons who either: (1) "intentionally remove or alter any [CMI]," without the authority of the copyright owner or the law, "knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement"; or (2) distribute CMI "knowing that the [CMI] has been removed or

altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b). The definition of CMI includes the work's title, the author's name, and the copyright owner's name, among other information. 17 U.S.C. § 1202(c). Plaintiff's § 1202 allegations merely repeat the language of § 1202 and do not contain any factual allegations to support a § 1202 cause of action. (*See* FAC ¶¶ 3, 35–68.)

However, the Court finds that Plaintiff could plead facts sufficient to maintain a § 1202 cause of action. While Defendants argue that any alleged CMI removal or alteration must be "knowing," (*see* ECF No. 12, at 9–10), § 1202 is not so limiting. § 1202 creates liability even in the absence of knowledge if the defendant "ha[d] reasonable grounds to know." *See* 17 U.S.C. § 1202. Thus even if Defendants are correct that Plaintiff cannot allege that CafePress had knowledge, Plaintiff does not need to allege knowledge to maintain a § 1202 cause of action. Accordingly, Plaintiff's § 1202 cause of action is DISMISSED WITH LEAVE TO AMEND.

**E. Request for Leave to Amend**

Finally, in Plaintiff's opposition to Defendants' motions to dismiss, Plaintiff attempts to "request[] leave to amend to file a Second Amended Complaint that contains the added factual allegations in *Gardner II*." (ECF No. 20, at 13.) As Plaintiff has sought leave to amend in an opposition rather than in a motion, the Court declines to consider the issue of leave to amend. *See Nejo v. Wilshire Credit Corp.*, 09-cv-879-BEN-JMA, 2010 WL 371906, at *2 (S.D. Cal. Sept. 20, 2010) (declining to consider a request for an expungement order first raised in a reply brief). If Plaintiff wishes to seek leave to amend his complaint, separate from this Court's dismissal without prejudice, he should file the appropriate motion with this Court.

## VI. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss, (ECF Nos. 12, 18), are **GRANTED**;
2. Plaintiff's first cause of action as to attorney fees and statutory damages and § 1202 cause of action are **DISMISSED WITH LEAVE TO**

      **AMEND**;

3. If Plaintiff wishes to file an amended complaint to cure the deficiencies noted herein, he may do so by following the instructions in this Court's Consolidation Order and filing a consolidated complaint in *Gardner I* on or before **February 6, 2015**;[1] and

4. The hearing set for December 19, 2014, is **VACATED**.

DATED: December 16, 2014

                                         */s/ Gonzalo Curiel*
                                    HON. GONZALO P. CURIEL
                                    United States District Judge

---

[1] The Court has set a deadline that follows the anticipated ruling on CafePress's pending motion to dismiss in *Gardner I,* (No. 3:13-cv-1108-GPC-JLB, ECF No. 122), so as to avoid the possibility of Plaintiff having to file a multiple consolidated complaints depending on the outcome of said motion.